David M. Freeman, Esq.
Email: dfreeman@hwb-law.com

Attorneys for Katmai Water Taxi, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATMAI WATER TAXI, LLC,<br><br>                Plaintiff,<br><br>  v.<br><br>NW BEND BOATS, LLC d/b/a<br>NORTH RIVER BOATS,<br><br>                Defendant. | Case No. 3:21-cv-_____<br><br>IN ADMIRALTY UNDER RULE 9(h) |

## ORIGINAL COMPLAINT OF KATMAI WATER TAXI, LLC

Plaintiff KATMAI WATER TAXI, LLC ("Katmai" or "KWT"), files this Original Complaint in Admiralty under Rule 9(h) of the Federal Rules of Civil Procedure against Defendant NW Bend Boats, LLC d/b/a North River Boats ("North River" or "NRB") and would respectfully show as follows:

### THE PARTIES

1. KWT is a limited liability company organized and existing pursuant to the laws of the State of Alaska. KWT's principal place of business is in King Salmon, Alaska, which is within this District.

2. NRB is an Oregon limited liability company organized and existing pursuant to the laws of the State of Oregon. NRB may be served by and through its registered agent for service of process, Melvin Grove, 2281 E. Sun Mountain, Suite B, Wasilla, AK 99654.

### JURISDICTION AND VENUE

3. Personal jurisdiction exists over NRB in this District because the negligent acts and/or omissions of NRB giving rise to these claims occurred in Alaska. KWT is an Alaskan

ORIGINAL COMPLAINT OF KATMAI WATER TAXI, LLC
*Katmai Water Taxi, LLC v. NW Bend Boats d/b/a North River Boats*
Case No. 3:21-cv-_____
Page 1 of 10

Case 3:21-cv-00110-SLG   Document 1   Filed 05/07/21   Page 1 of 10

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

entity. Alternatively, the acts, errors, and omissions of NRB giving rise to the alternate breach of contract claim occurred in Alaska. Complete diversity exists between the parties.

  4. Subject matter jurisdiction.

    a. KWT alleges and contends that NRB committed a maritime tort, making this action an Admiralty and Maritime Claim within the meaning of Federal Rule of Civil Procedure 9(h). Thus, subject matter jurisdiction is appropriate under 28 U.S.C. §1333, insofar as the alleged negligence involved the operation of a vessel, occurred on navigable waters, with a genuine (not just potential) disruption of maritime commerce, as well as exhibits a significant relationship to traditional maritime activity (passenger transportation).

    b. Alternatively, diversity jurisdiction is proper (either for a tort claim or the alternate breach of contract claim) under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and the parties are citizens of different states.

  5. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred within the same.

**BACKGROUND INFORMATION REGARDING KWT AND NRB'S RELATIONSHIP**

  6. KWT, formed in 2018, is the sister company of Alaska's Gold Creek Lodge, LLC. KWT is located in Southwest Alaska in King Salmon, Alaska, which is near the Katmai National Park and Preserve ("KNPP").

  7. In 2018, KWT secured a 2-year conditional contract with the U.S. National Park Service ("NPS") where KWT could operate a passenger boat to transport park visitors to Brooks

ORIGINAL COMPLAINT OF KATMAI WATER TAXI, LLC
*Katmai Water Taxi, LLC v. NW Bend Boats d/b/a North River Boats*
Page 2 of 10
Case No. 3:21-cv-_____

Falls, Alaska in KNPP from June 1 until September 25. Following the conclusion of the second year, KWT would be eligible to bid for a 10-year exclusive contract for the same trip.[1]

8. KWTs business model is simple: rather than hire small, noisy float planes to take passengers in small groups, KWT's water taxi would depart from Lake Camp and travel 45 minutes inland to Brooks Falls in KNPP to view bears feasting on salmon spawning upstream over small waterfalls. KWT's business was the first of its kind in KNPP.[2]



9. As is shown below and will be shown in the course of this litigation, KWT believed it was reasonably projected to earn over $2,000,000 in annual revenue over this 3-month period.

---

[1] Due to the COVID-19 global pandemic, NPS extended the 2-year conditional contract by one additional year.

[2] The image above is from the KNPP website, which actually offers a "bear cam" where one can watch the bears. *See* https://www.nps.gov/katm/planyourvisit/bear-watching.htm.

ORIGINAL COMPLAINT OF KATMAI WATER TAXI, LLC
*Katmai Water Taxi, LLC v. NW Bend Boats d/b/a North River Boats*
Case No. 3:21-cv-_____
Page 3 of 10

Case 3:21-cv-00110-SLG   Document 1   Filed 05/07/21   Page 3 of 10

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

10. On or about February 16, 2019 KWT entered into the first of a series of Purchase Orders with NRB. In exchange for the total price of $708,000.00, NRB was to design, manufacturer, test, certify, and deliver a 2018 38' Liberty Sub T – Twin Diesel Jet 24-passenger water taxi dubbed "*Otis*." As part of this purchase, KWT and NRB specifically agreed on a line item for sea trials and United States Coast Guard ("USCG") approval for the *Otis*.

11. In contrast to small, noisy float planes, *Otis* is a large, enclosed water taxi with spacious seating. *Otis* provides easier access to handicapped and elderly guests, is able to carry more luggage and gear, and because it is on the water as opposed to flying above it, *Otis* is less affected by weather conditions (such as fog or wind) that would otherwise ground float planes. Finally, the cost of a ticket on *Otis* is considerably cheaper than using a float plane. In short, *Otis* is a unique, cheaper, and more efficient travel option for the thousands of annual travelers to Brooks Falls than using float planes to view the bears.

12. The construction of *Otis* was substantially complete on or about April of 2019. NRB issued a manufacturer's Certificate of Origin on May 1, 2019. It should be undisputed that the *Otis* is a vessel under the meaning of United States Admiralty and Maritime law.[3]

13. Regrettably, only days before KWT was to take possession and title of *Otis* and as laid out in greater detail below, on June 1, 2019 NRB's Director of Sales and unlicensed "captain" Mike Blocher ran the *Otis* aground during sea trials. As this Complaint details, the negligence of NRB in using Blocher to conduct the sea trials in Alaska was, is, and may very well continue to be devastating to KWT's business and reputation, as well as to KWT's future prospects to earn a 10-year exclusive transportation contract with the National Parks Service.

---

[3] *See* 1 U.S.C. §3.

ORIGINAL COMPLAINT OF KATMAI WATER TAXI, LLC
*Katmai Water Taxi, LLC v. NW Bend Boats d/b/a North River Boats*
Case No. 3:21-cv-_____

Page 4 of 10

## THE ACCIDENT

14. On May 31, 2019 *Otis* launched from Lake Camp, intending to travel up the Naknek River towards Brooks Falls. This trip was part of the *Otis'* sea trials for the USCG.

15. NRB's agent and Director of Sales Mike Blocher was in sole command and control of the vessel. Blocher was responsible for piloting the *Otis* through a narrow channel of water exiting the Naknek River towards the Naknek Lake entrance. **Unknown to KWT at the time, Blocher did not possess the required United States Coast Guard license to pilot this vessel.**

16. There were only 3 channel markers over a 3-mile stretch in place at the time. Safe passage during this first trip was identified solely through visual reconnaissance, i.e. standing on the edge of the boat and looking down. This safe passage was then marked on *Otis'* Garmin GPS for future trips – thus, the GPS data was critical to safe passage through this approximately 3-mile-long narrow channel without running aground.

17. The May 31, 2019 trip was cut short when Blocher incompetently failed to ensure *Otis'* engine room dampers were open and/or operational, forcing *Otis* to return to the launching point.

18. Mike Blocher's negligence and incompetence was just beginning. On June 1, 2019 at approximately 8 am, under the control of Mike Blocher, the *Otis* re-launched in the Naknek River, intending to travel through the same channel towards Naknek Lake and Brooks Falls. The purpose of this June 1, 2019 trip was for NRB to continue sea trials and obtain United States Coast Guard approval, which was required to carry more than 6 passengers.

19. Immediately after the boat was launched, the Garmin GPS and instrument panel installed by Blocher and NRB malfunctioned, making it either difficult or impossible for Blocher to use to safely navigate. The malfunctioning instrument panel was *Otis'* sole source for display of speed, fuel, heading, water depth, ground profile and GPS location.

ORIGINAL COMPLAINT OF KATMAI WATER TAXI, LLC
*Katmai Water Taxi, LLC v. NW Bend Boats d/b/a North River Boats*
Page 5 of 10
Case No. 3:21-cv-_____

Case 3:21-cv-00110-SLG Document 1 Filed 05/07/21 Page 5 of 10

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

20. Without a functioning GPS, Blocher was unable to access and follow the coordinates identifying safe passage through the channel marked during the May 31, 2019 trip, yet he proceeded recklessly nonetheless. In other words, **Blocher was traveling blind, without knowing his speed, heading, water depth, ground profile or safe navigation way points.**

21. A reasonable master, faced with an unmarked, winding and narrow underwater channel and a malfunctioning GPS would have turned back. Likewise, a reasonable master would have obeyed the Inland Rules of Navigation concerning a vessel losing navigational systems. Instead, Blocher continued on, blind and reckless.

22. Just prior to entering the unmarked channel, Blocker asked Rob Ellis, untrained by NRB to operate the *Otis* and on board as merely a passenger and observer, to take the helm so Blocher could continue to troubleshoot the broken GPS. Blocher then directed Ellis to adjust his course to the right (starboard). Seconds later, at Blocher's direction Ellis exited the channel and struck an underwater boulder, grounding the *Otis* and causing the damages for which KWT now seeks to recover.

23. *Otis* was left stranded in the mouth of Lake Naknek for 3 days, and was out of commission for an additional 6 weeks for repairs and re-inspections. This time out of service constituted over half of the time KWT had been granted to offer this transportation service by the National Park Service. KWT was forced to refund hundreds of thousands of dollars in pre-sold tickets. NRB's negligence further threatened the very conditional authorization KWT was operating under at the time of this accident and placed KWT's eligibility to bid for the 10-year exclusive contract at risk.

### FIRST CAUSE OF ACTION – NEGLIGENCE

24. The facts alleged *supra* are incorporated by reference.

ORIGINAL COMPLAINT OF KATMAI WATER TAXI, LLC
*Katmai Water Taxi, LLC v. NW Bend Boats d/b/a North River Boats*
Page 6 of 10
Case No. 3:21-cv-_____

Case 3:21-cv-00110-SLG   Document 1   Filed 05/07/21   Page 6 of 10

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

25. KWT asserts a Claim for negligence under the General Maritime Law of the United States ("GML")[4] against NRB. Specifically, NRB, through the conduct of Blocher, owed KWT a duty to competently and safely navigate the *Otis* during the sea trials. NRB breached that duty, and was negligent and negligent *per se* in the following ways:

    a. Defendant's agents and employees who were in charge of the navigation of the water taxi as alleged herein were not attentive to their duties and were not maintaining a proper and alert lookout;

    b. Defendant's agents and employees operated, captained and/or directed the water taxi without the required captain's license in violation of 49 U.S.C. 8905;

    c. Defendant's agents and employees operated, captained, and/or directed the water taxi without a functioning navigational device in an unmarked underwater shallow channel;

    d. Defendant's agents and employees failed to anchor the water taxi and/or return to port when Defendant's agents and employees were unable to see or navigate the waterway safely;

    e. Defendant's agents and employees were unreasonable in their navigation and operation of this vessel; and

    f. Other negligent acts or omissions to be proven at trial.

26. The breaches of these duties owed by NRB to KWT proximately caused KWT damages as described below.

---

[4] Or, alternatively, if Admiralty Jurisdiction does not exist, under Alaska law.

ORIGINAL COMPLAINT OF KATMAI WATER TAXI, LLC
*Katmai Water Taxi, LLC v. NW Bend Boats d/b/a North River Boats*
Case No. 3:21-cv-_____

Page 7 of 10

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

27. The aforesaid collision and damages resulting therefrom were not caused or contributed to by any fault or negligence of KWT, nor any persons for whom KWT was or is responsible, but were caused solely by and due solely to the fault and negligence of NRB and its employees and servants in charge.

### SECOND CAUSE OF ACTION – NEGLIGENT ENTRUSTMENT

28. The facts alleged *supra* are incorporated by reference.

29. NRB knew, or in the exercise of reasonable care should have known, that Mike Blocher was an unlicensed captain, was incompetent, careless or otherwise unqualified to operate the *Otis*. NRB was negligent in the supplying, entrusting, or lending the *Otis* to Blocher, and the same negligence was the proximate cause of this accident and KWT's damages.

### THIRD CAUSE OF ACTION – BREACH OF CONTRACT

30. The facts alleged *supra* are incorporated by reference.

31. KWT asserts an alternative claim for breach of contract against NRB. Through a series of purchase orders, NRB agreed to build, design, manufacture and deliver to KWT a vessel that was fully functioning. NRB further agreed the delivered vessel would pass sea trials, administered by a fully licensed captain and/or master, and thereby obtain United States Coast Guard authorization for the *Otis.*

32. NRB failed to provide a licensed and competent captain and/or master to perform sea trials. Indeed, upon information and belief, NRB knew Blocher held no master's license from the USCG, and thus was an inappropriate and unqualified person to conduct the sea trials. Nevertheless, NRB sent Blocher to conduct the sea trials, breaching the contract. As a result, NRB breached its contract with KWT and the same was the proximate cause of KWT's damages, described below.

33. All conditions precedent have been satisfied by KWT.

ORIGINAL COMPLAINT OF KATMAI WATER TAXI, LLC
*Katmai Water Taxi, LLC v. NW Bend Boats d/b/a North River Boats*
Case No. 3:21-cv-_____
Page 8 of 10

Case 3:21-cv-00110-SLG   Document 1   Filed 05/07/21   Page 8 of 10

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

## DAMAGES

34. KWT incorporates all factual allegations made above.

35. As a direct and proximate result of the occurrence made the basis of this lawsuit, KWT has suffered, sustained and incurred, and in reasonable probability will continue to suffer, sustain and incur, the following injuries and damages, among others:

36. Reasonable and necessary repairs to the *Otis*;

37. Past and future lost profits;

38. Past and future lost business reputation;

39. Past payroll and expenses for the downtime during repairs;

40. Past out of pocket expenses to provide alternative transportation for customers expecting to travel on the *OTIS*; and

41. All other damages to be proven at trial.

42. Finally, to the extent recovery is had on the alternative breach of contract matter, KWT requests its reasonable and necessary attorney's fees.

43. To the extent allowed by law, KWT requests costs of court, prejudgment interest, and post-judgment interest as allowed by law.

## JURY DEMAND

44. KWT herein demands a trial by jury according to Rule 38 of the Federal Rules of Civil Procedure of the above matters for all matters which are not subject to the Admiralty and Maritime Action.

## PRAYER & CONCLUSION

WHEREFORE, PREMISES CONSIDERED, KWT prays that:

a. Defendant be cited to appear and answer herein;

b. Plaintiff be awarded its damages from Defendant;

ORIGINAL COMPLAINT OF KATMAI WATER TAXI, LLC
*Katmai Water Taxi, LLC v. NW Bend Boats d/b/a North River Boats*
Case No. 3:21-cv-_____
Page 9 of 10

Case 3:21-cv-00110-SLG   Document 1   Filed 05/07/21   Page 9 of 10

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

c. Plaintiff be awarded its costs of suit;

d. Pre-judgment and post-judgment interest on all applicable amounts be awarded to Plaintiff at the maximum rate as allowed by law;

e. Plaintiff be entitled to such other and further relief, both at law and in equity, to which it may be justly entitled.

DATED this 6<u>th</u> day of May, 2021, at Anchorage, Alaska.

Attorneys for Plaintiff Katmai Water Taxi, LLC

HOLMES WEDDLE & BARCOTT, P.C.

By: *s/ David M. Freeman*
David M. Freeman
Alaska Bar No. 7808066

**HOLMES WEDDLE & BARCOTT, PC**
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

ORIGINAL COMPLAINT OF KATMAI WATER TAXI, LLC
*Katmai Water Taxi, LLC v. NW Bend Boats d/b/a North River Boats*
Case No. 3:21-cv-_____

Page 10 of 10

Case 3:21-cv-00110-SLG   Document 1   Filed 05/07/21   Page 10 of 10