Donald K. McLean, AKSB No. 0403006
Robert D. Sykes, AKSB No. 1809074
BAUER MOYNIHAN & JOHNSON LLP
2101 4TH Avenue - 24th Floor
Seattle, WA 98121
Telephone: (206) 443-3400
Facsimile: (206) 448-9076

Attorneys for NW Bend Boats, LLC d/b/a North River Boats

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATMAI WATER TAXI, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>NW BEND BOATS, LLC d/b/a<br>NORTH RIVER BOATS,<br><br>    Defendant.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>    Plaintiff in Intervention,<br><br> v.<br><br>NW BEND BOATS, LLC d/b/a<br>NORTH RIVER BOATS,<br><br>    Defendant. | IN ADMIRALTY<br><br>NO. 3:21-cv-00110-SLG |

## AMENDED ANSWER

COMES NOW defendant NW Bend Boats LLC d/b/a North River Boats ("North River") and by way of Answer to plaintiff Katmai Water Taxi, LLC complaint states and alleges as follows:

### THE PARTIES

  1.  Admits.

2. North River denies it is an Oregon limited liability company. The remainder is admitted.

**JURISDICTION AND VENUE**

3. North River notes that this is an issue of law to be determined by the Court. To the extent an answer is required, North River admits personal jurisdiction is proper.

4. North River notes that this is an issue of law to be determined by the Court.

5. Admits venue is proper.

**BACKGROUND INFORMATION REGARDING KWT AND NRB'S RELATIONSHIP**

6. Denies the first sentence for lack of sufficient information and knowledge. Admits the second sentence on information and belief.

7. Denies for lack of sufficient information and knowledge; the denial applies in equal force to footnote 1.

8. The allegation of paragraph 8 requires no answer as it tenders no issues pertinent to this action. To the extent an answer is required, North River denies the same for lack of sufficient information and knowledge. The denial applies in equal force to footnote 2.

9. The allegation of paragraph 9 requires no answer as it tenders no issues pertinent to this action. To the extent an answer is called for, North River denies the allegation of plaintiff's earning projections for lack of sufficient information and knowledge.

10. Admits the parties entered a series of Purchase Orders beginning on or about March 20, 2018, wherein plaintiff ordered the subject vessel OTIS for an estimated $708,000. North River further admits the purchase orders contained an entry for sea trials and U.S Coast Guard approval. Except as specifically admitted, the allegation is denied.

11. The allegation in paragraph 11 tenders no factual issues for resolution at

ATTORNEYS AT LAW
BAUER
MOYNIHAN
& JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

trial and requires no answer.

12. Admits.

13. North River admits vessel captain and Katmai Water Taxi employee Rob Ellis ran the vessel OTIS aground during sea trials in Alaska. Except as specifically admitted, the allegation is denied.

## THE ACCIDENT

14. Admits.

15. North River admits Mr. Blocher did not have a U.S. Coast Guard license, as one was not required under the circumstances and multiple licensed personnel in plaintiff's employ were aboard. Except as specifically admitted, the allegation is denied.

16. North River admits the GPS system was not pre-programmed with safe passage routes and that safe passage would need to be plotted manually by running the route. Admits the GPS system constitutes an important vessel component. Admits plaintiff's agents guided the vessel's travel through a portion of the route. Except as specifically admitted, the allegation is denied.

17. North River admits the OTIS returned to shore on or about May 31, 2019 on account of elevated cabin pressure caused by closed dampers following the inspection of the fire suppression system. Except as specifically admitted, the allegation is denied.

18. North River admits the vessel was relaunched in the Naknek River on or about the date and time identified intending to travel the channel identified for the purpose of U.S. Coast Guard inspection for approval to carry more-than 6 passengers. Except as specifically admitted, the allegation is denied.

19. Denies.

20. North River admits the GPS coordinates were not visible at the time on account of the backlight. North River specifically denies Blocher was "travelling blind," as the vessel was under the command of a local captain with local knowledge. Except as

ATTORNEYS AT LAW
BAUER
MOYNIHAN
& JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

specifically admitted, the allegation is denied.

21. The allegation is an issue of law for the Court to decide. To the extent an answer is required, North River denies the allegation.

22. North River admits the vessel captain Rob Ellis took the helm of the vessel while Mr. Blocher adjusted the GPS backlighting and further admits Ellis negligently grounded the vessel. Except as specifically admitted, the allegation is denied.

23. North River specifically denies allegations of negligence. The remainder is denied for lack of sufficient information and knowledge.

## FIRST CAUSE OF ACTION—NEGLIGENCE

24. North River incorporates and re-alleges its previous answer.

25. Denies, including all subparts.

26. Denies.

27. Denies.

## SECOND CAUSE OF ACTION—NEGLIGENT ENTRUSTMENT

28. North River incorporates and re-alleges its previous answer.

29. Denies.

## THIRD CAUSE OF ACTION—BREACH OF CONTRACT

30. North River incorporates and re-alleges its previous answer.

31. Denies.

32. Denies.

33. Denies.

## DAMAGES

34. North River incorporates and re-alleges its previous answer.

35. Denies.

36. Denies.

37. Denies.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

AMENDED ANSWER
Case Number: 3:21-cv-00110-SLG
Page 4 of 6

38. Denies.

39. Denies.

40. Denies.

41. Denies.

42. Denies.

43. Denies.

## JURY DEMAND

44. Denies.

## AFFIRMATIVE DEFENSES

In further answer to plaintiff's complaint, defendant North River Boats pleads as affirmative defenses:

1. North River re-alleges its previous answer as an affirmative defense.

2. Plaintiff fails in one or more of its causes of action to state a claim upon which relief may be granted.

3. Plaintiff's damages, herein denied, were caused or contributed by its own fault or the fault of its agents or employees; plaintiff's recovery, if any, should be barred or reduced accordingly.

4. Plaintiff's damages, herein denied, were caused or contributed by the fault of others; plaintiff's recovery, if any, should be barred or reduced accordingly.

5. Plaintiff has and had a duty to mitigate its damages; to the extent it has failed to do so, its recovery should be barred or reduced accordingly.

6. Plaintiff's tort claims are barred by the economic loss rule.

7. Plaintiff's claims for consequential and incidental damages are barred by applicable warranty exclusions.

8. One or more of plaintiff's claims are barred by the doctrine of laches.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

AMENDED ANSWER
Case Number: 3:21-cv-00110-SLG
Page 5 of 6

Wherefore, defendant North River prays:

1. That plaintiff's complaint be dismissed and it take nothing thereby.

2. That North River be awarded its costs and attorney fees under Alaska Rule of Civil Procedure 82.

3. That North River be entitled to such other relief as this Court finds just and equitable.

Dated this 7th day of June, 2021.

BAUER MOYNIHAN & JOHNSON LLP

/s/ Donald K. McLean
Donald K. McLean, AKSB No. 0403006

/s/ Robert D. Sykes
Robert D. Sykes, AKSB No. 1809074
Attorneys for defendant NW Bend Boats, LLC d/b/a North River Boats

AMENDED ANSWER
Case Number: 3:21-cv-00110-SLG
Page 6 of 6

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

Case 3:21-cv-00110-TMB   Document 17   Filed 06/07/21   Page 6 of 6