Donald K. McLean, AKSB No. 0403006
Robert D. Sykes, AKSB No. 1809074
BAUER MOYNIHAN & JOHNSON LLP
2101 4TH Avenue - 24th Floor
Seattle, WA 98121
Telephone: (206) 443-3400
Facsimile: (206) 448-9076

Attorneys for NW Bend Boats, LLC d/b/a North River Boats

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATMAI WATER TAXI, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NW BEND BOATS, LLC d/b/a NORTH RIVER BOATS, <br><br> Defendant. | IN ADMIRALTY <br><br> NO. 3:21-cv-00110-SLG |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Plaintiff in Intervention, <br><br> v. <br><br> NW BEND BOATS, LLC d/b/a NORTH RIVER BOATS, <br><br> Defendant. | |

## AMENDED ANSWER TO COMPLAINT IN INTERVENTION

COMES NOW defendant NW Bend Boats LLC d/b/a North River Boats ("North River") and by way of Answer to Intervenor's complaint:

### THE PARTIES

1. Admits on information and belief.

2. Denies.

## JURISDICTION AND VENUE

3. North River notes that this is an issue of law to be determined by the Court. To the extent an answer is required, North River admits personal jurisdiction is proper.

4. North River notes that this is an issue of law to be determined by the Court. Insofar as an answer is required, North River admits subject-matter jurisdiction is proper.

5. North River notes that this is an issue of law to be determined by the Court.

6. North River admits venue is proper.

## FACTUAL BACKGROUND

7. North River denies the first sentence for lack of sufficient information and knowledge. North River admits the second sentence on information and belief.

8. North River denies for lack of sufficient information and knowledge; the denial applies in equal force to footnote 1.

9. North River admits North River and Katmai Water Taxi entered a series of Purchase Orders beginning on or about March 20, 2018, wherein Katmai Water Taxi ordered the subject vessel OTIS for an estimated $708,000. North River further admits the purchase orders contained an entry for sea trials and U.S. Coast Guard approval. Except as specifically admitted, the allegation is denied.

10. North River admits Travelers provided hull and machinery coverage to the OTIS at the time of the alleged incident. North River further admits Katmai Water Taxi employee Rob Ellis ran the OTIS aground on or about June 1, 2019. Except as specifically admitted, the allegation is denied.

## THE ACCIDENT

11. Admits.

12. Denies.

13. North River Admits the channel was navigated visually prior to the vessel's route being recorded onto the vessel GPS. North River further admits the GPS is

ATTORNEYS AT LAW
BAUER
MOYNIHAN
& JOHNSON LLP

2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

important equipment. North River denies the allegation concerning channel markers for lack of sufficient information and knowledge. Except as specifically admitted, the allegation is denied.

14. North River admits the engine room dampers were not fully opened and the OTIS returned to the launch point. Except as specifically admitted, the allegation is denied.

15. North River specifically denies the vessel was under Mr. Blocher's control. Otherwise, admits.

16. Denies.

17. North River admits the GPS backlighting made visibility of channel coordinates difficult from the vessel's helm. North River denies the characterization of the GPS system being non-functional and specifically denies the allegation of Mr. Blocher "electing to proceed." Except as specifically admitted, the allegation is denied.

18. North River specifically denies the final sentence. The first sentence is a question of law for the Court to decide. To the extent an answer is required, the allegation is denied.

19. North River denies Mr. Blocher asked "a passenger" to take the helm of the vessel, but admits Katmai Water Taxi agent and employee, Rob Ellis, a USCG-licensed captain, took the helm of the vessel while Mr. Blocher adjusted the GPS backlighting. The remainder of the allegation is denied.

20. North River admits the OTIS was out of commission for a total of 37 days. Travelers' status as subrogee is a legal issue requiring no answer. Except as specifically admitted, the allegation is denied.

**FIRST CAUSE OF ACTION—NEGLIGENCE**

21. North River incorporates and re-alleges its previous answer.

22. Denies, including all subparts.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

23. Denies.

24. Denies.

### SECOND CAUSE OF ACTION—NEGLIGENT ENTRUSTMENT

25. North River incorporates and re-alleges its previous answer.

26. Denies.

### THIRD CAUSE OF ACTION—BREACH OF CONTRACT

27. North River incorporates and re-alleges its previous answer.

28. Denies.

29. Denies.

### DAMAGES

30. North River incorporates and re-alleges its previous answer.

31. Denies.

32. Denies.

33. Denies.

### AFFIRMATIVE DEFENSES

In further answer to Intervenor's complaint, defendant North River Boats pleads as affirmative defenses:

1. North River re-alleges its previous answer as an affirmative defense.

2. Intervenor fails in one or more of its causes of action to state a claim upon which relief may be granted.

3. Intervenor's damages, herein denied, were caused or contributed by the fault of its insured, Katmai Water Taxi. Intervenor's recovery, if any, should be barred or reduced accordingly.

4. Intervenor's damages, herein denied, were caused or contributed by the fault of others; Intervenor's recovery, if any, should be barred or reduced accordingly.

5. Intervenor has and had a duty to mitigate its damages; to the extent it has

ATTORNEYS AT LAW
BAUER
MOYNIHAN
& JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

failed to do so, its recovery should be barred or reduced accordingly.

6. Intervenor's tort claims are barred by the economic loss rule.

7. One or more of Intervenor's claims are barred by the doctrine of laches.

Wherefore, defendant North River prays:

1. That Intervenor's complaint be dismissed and it take nothing thereby.

2. That North River be awarded its costs and attorney fees as permitted by law, including under Alaska Rule of Civil Procedure 82.

3. That North River be entitled to such other relief as this Court finds just and equitable.

Dated this 7th day of June, 2021.

BAUER MOYNIHAN & JOHNSON LLP

/s/ Donald K. McLean
Donald K. McLean, AKSB No. 0403006

/s/ Robert D. Sykes
Robert D. Sykes, AKSB No. 1809074
Attorneys for defendant NW Bend Boats, LLC d/b/a North River Boats

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

AMENDED ANSWER TO COMPLAINT IN INTERVENTION
Case Number: 3:21-cv-00110-SLG
Page 5 of 5

Case 3:21-cv-00110-TMB   Document 18   Filed 06/07/21   Page 5 of 5